IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NEIL SAMOY, | Cause No. CV 26-04-GF-BMM |
| Petitioner, | |
| vs. | ORDER |
| SHERIFF SLAUGHTER, | |
| Respondent. | |

Petitioner Neil Samoy ("Samoy"), a pretrial detainee incarcerated at the Cascade County Detention Center, filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 5.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Samoy failed to exhaust his remedies. The Court will now dismiss Samoy's petition without prejudice.

1

**Motion to Proceed in Forma Pauperis**

Samoy seeks leave of the Court to proceed in forma pauperis. (Doc. 2.)  A review of his prisoner trust fund account statement reveals he may not be able to afford the costs associated with this action.  *See*, (Doc. 6.)  The motion will be granted.

**Background**

Samoy was arrested on September 26, 2025, and has been incarcerated since that date. It appears Samoy is presently charged with Criminal Trespass to Property, Theft, Criminal Possession of Dangerous Drugs, Obstructing a Peace Officer, and Resisting Arrest. Cascade County Detention Center Jail Roster: https://ccmtgovmy.sharepoint.com/personal/jailroster_cascadecountymt_gov/ (accessed February 20, 2026). Samoy claims the following occurred during the course of his state court proceedings: that his public defender has provided ineffective assistance of counsel; that his bail was set at an excessively high amount; that the delay between his initial appearance and arraignment violated his right to due process; and that he has been maliciously prosecuted. (Doc. 5 at 8-9.) Samoy asks that his state charges be immediately dismissed, that he be released from custody, and that he be awarded money damages.  (*Id*. at 9.)

**Analysis**

Section 2241 of Chapter 28 of the United States Code "provides generally

for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (quoting *White v. Lambert*, 370 F. 3d 1002, 1006 (9th Cir. 2004). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id*.; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity require, however, that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows the following: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir. 1980), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal

3

proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

Samoy acknowledges that he has not yet been convicted or sentenced and that his state criminal proceedings are ongoing. Samoy apparently has filed an action with the Montana Judicial Standards Commission (*See* Doc. 5 at 3). Samoy has not attempted to present his four claims and/or challenge his detention in the state district court or the Montana Supreme Court. (*Id*. at 8-9.) To the extent that Samoy presents claims that are cognizable in federal habeas, Samoy's claims have not yet been exhausted.

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84. Samoy's disagreement with the course of his state proceedings and conclusory allegations in support thereof, are not the type of unusual circumstances that might justify an exception to *Younger* abstention. Samoy may attempt to obtain the relief he seeks via his pending state court proceedings, on direct appeal therefrom, or by filing an original habeas action in the state court.

4

Samoy has not exhausted his state court remedies, and his situation does not involve an adequately "unusual" circumstance. Samoy's § 2241 petition will be dismissed without prejudice, allowing Samoy to return to this Court if and when he fully exhausts his claims.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Samoy attempts to present are unexhausted and do not meet the "unusual circumstances" exception to abstention. Reasonable jurists would find no reason to encourage additional proceedings at this time.

Based on the foregoing, **IT IS ORDERED** that:

1. Samoy's Amended Petition (Doc. 5) is **DISMISSED** without prejudice.

2. The motion to proceed in forma pauperis (Doc. 2) is **GRANTED**. The Clerk

5

of Court is directed to waive payment of the filing fee.

    3.  The Clerk of Court is directed to enter a judgment of dismissal.

    4.  A certificate of appealability is **DENIED**.

    DATED this 23rd day of February, 2026.


_____
Brian Morris, Chief District Judge
United States District Courts